## Alexander F. Gibson et al., Defendants in Error, v. George MacDonald et al., Plaintiffs in Error.

### Gen. No. 14,417.

MUNICIPAL COURT—*when finding of judge not disturbed.* The finding of a judge of the Municipal Court will not be set aside on review where it appears to be supported by a preponderance of the evidence.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 12, 1909.

FREDERIC R. DE YOUNG and GEORGE A. MILLER, for plaintiff in error.

ADAMS & FROEHLICH, for defendants in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This writ of error presents for our review the record of the Municipal Court in which the plaintiffs recovered a judgment of $285.75 on the finding of a judge of that court to whom the controversy was submitted by the agreement of the parties.

There is no contention as to the material furnished or its value. The whole controversy centres in the contention of defendants that the stone furnished was not ordered by them and that consequently they are not liable to pay for it. It seems that the defendants, who are building contractors, constructed for one John L. Carnegie quite a number of buildings; that they had a contract to do the masonry work for four buildings on Forest avenue, Chicago. Defendants contend that the contract was in writing, on a card furnished Carnegie, and that it expressly excluded the stone work. Carnegie and his son both swore that no such card was either given or received, but that the contract was verbal.

With the consent of William MacDonald the cut

stone work was let to plaintiffs for $75 for each building. Plaintiffs first bid for the job was at $85, and on MacDonald telling Carnegie that he could get the stone for $75, consented that Carnegie might let plaintiffs have the job at $80, when the latter arranged with plaintiffs for $75.

MacDonald admitted on the trial that a contract for "mason work" would include cut stone unless expressly excluded by an understanding to the contrary. Furthermore, in many like contracts between defendants and Carnegie, defendants had furnished the cut stone. Van Etten furnished some "pier caps" to the value of $14.75, which were ordered by MacDonald, as he testified, and this statement not being contradicted, we think tends to lend verity to the contention that defendants' contract with Carnegie included the furnishing of the cut stone for the four buildings. For this amount the trial judge credited defendants, rendering judgment for plaintiffs' claim, less that amount. We see no reason to disagree with the trial judge in his finding of fact, as the testimony considered as a whole, in our judgment, sustains the claim of plaintiffs by a preponderance of the evidence.

The judgment of the Municipal Court is affirmed.

*Affirmed.*